## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY GRIGOLI,

      Plaintiff,

v.                             Case No.: 8:14-CV-844-T-23-EAJ

SCOTT COCHRANE, INC., and
SCOTT COCHRANE,
      Defendant.

_____/

## DEFENDANT'S ANSWER TO THE COMPLAINT
## OF PLAINTIFF ANTHONY GRIGOLI

Defendant., *SCOTT COCHRANE, INC and SCOTT COCHRANE, et al.* ("Defendant"), Pro Se, Answer Plaintiff's, ANTHONY GRIGOLI ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

1. Each of Plaintiff's complaint fails in whole or in part to state a claim or claims upon which relief can be granted.

### SECOND DEFENSE

2. Defendant answers the general and specific allegations of Plaintiff's complaints as follows:

3. Defendant denies the allegations set forth in paragraph 1 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 2 of the Complaint.

5. Defendant denies the allegations set forth in paragraph 3 of the Complaint, however, Plaintiff, was employed from 7/9/2011 through the workweek ending 11/19/2011.

6. Defendant denies the allegations set forth in paragraph 4 of the Complaint.

7. Defendant denies the allegations set forth in paragraph 5 of the Complaint.

8. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

9. Defendant denies the allegations set forth in paragraph 7 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 8 of the Complaint.

11. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

1

**COUNT I – FLSA RECOVERY OF OVERTIME WAGES**

12. Defendant hereby incorporates each of his responses to the above paragraphs as if fully set forth herein.

13. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

## COUNT II – FLSA RECOVERY OF OVERTIME WAGES COLLECTIVE ACTION COUNT

22. Defendant hereby incorporates each of his responses to the above paragraphs as if fully set forth herein.

23. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

## THIRD DEFENSE

Plaintiff's complaints are barred by the doctrines of standing, waiver, laches, estoppel, accord and satisfaction.

## FOURTH DEFENSE

Plaintiff's complaints are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

Defendant denies each and every allegation of the Complaints, express or implied, not expressly admitted herein.

## SIXTH DEFENSE

Defendant reserves the right to add affirmative defenses as warranted by ongoing discovery, investigation, or as otherwise permitted by law or court order.

## SEVENTH DEFENSE

By filing his Complaint, Plaintiff opened his employment records to the world, thereby barring any trespass or invasion of privacy claims.

## EIGHTH DEFENSE

To the extent Plaintiff suffered any damages, those damages were a result of his own action or the action of third parties, and not Defendant's.

## NINTH  DEFENSE

Plaintiff's complaints are groundless and frivolous, entitling Defendant to costs and attorneys fees.

## TENTH DEFENSE

Plaintiff's Complaint is moot, null and void for Defendant has already paid Plaintiff any and all wages, employment benefits or other compensation including overtime wages due to Plaintiff pursuant to the United States Department of Labor Wadge and Hour Division.

**WHEREFORE,** Defendant requests that Plaintiff's Complaint be dismissed with prejudice, Defendant be awarded his costs and fees and such other and further relief as the law allows and is deemed appropriate by this Court

Dated: _S·7-14_____

Respectfully Submitted By and For:__Scott Cochrane_____

**Scott Cochrane, Pro Se, Defendant**
**Scott Cochrane, Inc. (Please Note:**
**Counsel shall be retained)**

Address:_2246 Ground Squirrel Ph_
_New Port Richy FL 34655_
Phone:_727·423·7373_
Email:_Cochranesc@gmail.com_

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May__7_, 2014, I Hand delivered / filed the foregoing **DEFENDANT'S ANSWER TO THE COMPLAINT OF PLAINTIFF ANTHONY GRIGOLI** with the Clerk of Court, UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION.

_____
Scott Cochrane

4