**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY GRIGOLI,

      Plaintiff,

v.

 SCOTT COCHRANE, INC. and
 SCOTT COCHRANE,

      Defendants.

**Case No.  8:14-CV-00844-SDM-EAJ**

**DEFENDANTS' AMENDED MOTION FOR REASONABLE ATTORNEY'S**
**FEES AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL AND**
**INCORPORATED MEMORANDUM OF LAW**
**(Amended as to the Telephone Number in Paragraph 17 Only)**

**COME NOW**, Defendants Scott Cochrane and Scott Cochrane, Inc.
("Defendants"), by and through their undersigned counsel, pursuant to case law and 28
U.S.C. § 1927, and hereby request this Honorable Court award Defendants reasonable
attorney's fees and costs against Plaintiff and his counsel, Attorney Todd Shulby of the
Law Office of Todd W. Shulby. In support hereof, Defendants state as follows:

**I.    PROCEDURAL POSTURE**

1.     On or about April 10, 2014, Plaintiff filed his Complaint (Doc. 1) against
Defendants Scott Cochrane and Scott Cochrane, Inc. alleging Defendants violated 29
U.S.C. § 207 of the Fair Labor Standards Act ("FLSA") for failure to pay overtime and
unpaid wages to Plaintiff. Therein, Plaintiff demanded unpaid wages, liquidated damages,
attorney's fees and costs.

2.     Defendants were allegedly served with the Complaint on April 21, 2014.

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **1** of **11**

3.      On or about June 28, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint and in the Alternative Motion for Summary Judgment (Doc. 10) ("Motion to Dismiss").

4.      On or about July 16, 2014, Plaintiff filed his Notice of Voluntary Dismissal as to Scott Cochrane Inc. and Motion to Voluntarily Dismiss as to Scott Cochrane (Doc. 11) ("Notice of Dismissal").

5.      On or about July 21, 2014, this Honorable Court ordered this action dismissed (Doc. 12).

## I.      PLAINTIFF WAS PAID IN FULL AND EXECUTED A RELEASE AND WAIVER OF FLSA CLAIMS AGAINST DEFENDANTS MORE THAN ONE YEAR PRIOR TO THE FILING OF THIS ACTION

6.      In the middle of 2012, approximately 18 months prior to the initiation of this action, Defendants were investigated by the United States Department of Labor ("DOL") for allegedly failing to pay overtime wages in strict compliance with the FLSA. Amended[1] Declaration of Scott Cochrane, ¶ 4, attached hereto and incorporated by reference as **Exhibit "A."**

7.      As a result of that investigation, the DOL determined that Plaintiff was due $1,225.62 for violation of the FLSA. Id., ¶ 5. While Defendants contend that wages, including overtime, were properly paid to Plaintiff, they made a business decision to pay the amount rather than contest it. Id., ¶ 6.

---

[1] Amended as to the phone number appearing in paragraph 12 of the Declaration due to a Scrivener's error that appeared in an initial draft that was provided to Plaintiff's counsel for review in compliance with Local Rule 3.01(g).

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **2** of **11**

8.     On October 29, 2012, Scott Cochrane, Inc., issued check number 4042 in the amount of $1,225.62 and delivered that check to Plaintiff. Id., ¶ 7. A copy of the cancelled check is attached hereto and incorporated by reference as **Exhibit "B."**

9.     On October 31, 2012, Plaintiff deposited the check and placed his thumb print on the back of it while doing so. *See,* Declaration, ¶8.

10.     As a condition of receiving the payment from Defendant, Plaintiff agreed to a release and wavier entitled DOL Receipt for Payment of Back Wages, attached hereto and incorporated by reference as **Exhibit "C"**, stating:

> "Your acceptance of this payment of wages and other compensation due under the FLSA based on the findings of the Wage and Hour Division means that you have given up the right to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA"

11.     The DOL is authorized to investigate and determine the amounts of unpaid minimum and overtime wages due to employees. 29 U.S.C. § 216(c). When an employer pays the employee all amounts that the DOL determines to be due to the employee, "such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages." 29 U.S.C. § 216(c).

12.     "An employee who accepts such a payment supervised by the [DOL] thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages…" Lynn's Food Stores, Inc.

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **3** of **11**

v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982).

13.     Plaintiff, despite accepting the outcome of the DOL investigation, depositing the check written to him by Defendant for the amount the DOL found he was owed, and agreeing to the release and waiver contained in the DOL Receipt for Payment of Back Wages, initiated this suit[2].

## II.     ATTORNEY TODD SHULBY KNEW OR SHOULD HAVE KNOWN THAT PLAINTIFF'S FLSA CLAIMS HAD BEEN PAID AND RELEASED PRIOR TO THE FILING OF THIS ACTION

14.     Not only were Plaintiff's claim frivolous, Plaintiff's attorney knew or should have known that they were frivolous and should not have filed this action.

15.     On or about March 6, 2014, Mr. Cochrane received a letter (the "Letter") from Attorney Todd W. Shulby, ("Mr. Shulby") regarding a lawsuit he intended to file against Defendants for allegedly violating the Fair Labor Standards Act by failing to pay Plaintiff Anthony Grigoli all wages that were due. Declaration, ¶ 10.

16.     The document attached to Plaintiff's Notice of Voluntary Dismissal as to Scott Cochrane Inc. and Motion to Voluntarily Dismiss as to Scott Cochrane (Doc. 11-1) is a copy of the Letter mailed to Mr. Cochrane. *See,* Id.

17.     On or about March 20, 2014, Mr. Cochrane called Mr. Shulby's office at (954) 530-2236 regarding the Letter. Id. ¶¶ 11, 12.

18.     Mr. Cochrane's call to Mr. Shulby was answered by a female in Mr. Shulby's office. Declaration, ¶ 13. Mr. Cochrane asked to speak to Mr. Shulby and was

---

[2] Plaintiff verified the Complaint, stating "I, Anthony Grigoli, hereby declare that the foregoing allegations are true and correct to the best of my knowledge and belief." Should this Honorable Court determine that this statement is perjured, Defendants respectfully request such perjured statement be referred to law enforcement for criminal prosecution. 18 U.S.C. § 1621(2) (knowingly false statement in verification).

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **4** of **11**

told that Mr. Shulby was not available to take his call. Id. Mr. Cochrane gave the Shulby law firm employee his name, number, and told her he was calling about the Letter that he received from Mr. Shulby. Id.

19.    Mr. Cochrane also told Mr. Shulby's employee that he had already paid Anthony Grigoli all of the wages that a Department of Labor investigation determined Mr. Cochrane owed to him. Id.

20.    The lady Mr. Cochrane spoke with told him that she would send a text message to Mr. Shulby's cell phone requesting that Mr. Shulby call Mr. Cochrane. Id.

21.    On or about the same day as Mr. Cochrane called Mr. Shulby's office, Mr. Cochrane also hand-wrote and mailed a letter to Mr. Shulby which reiterated the information Mr. Cochrane provided to the member of Mr. Shulby's staff.  Declaration, ¶ 14.

22.    In the letter Mr. Cochrane wrote to Mr. Shulby, he provided the Department of Labor case number relating its investigation of the unpaid wages to Anthony Grigoli and the name and contact information for the Department of Labor investigator assigned to the case. Id. Mr. Cochrane also provided the amount that the Department of Labor determined that he owed to Anthony Grigoli. Id.

23.    Mr. Cochrane also informed Mr. Shulby that he paid this amount in full and that Anthony Grigoli had contacted the Department of Labor to inform it that he received the payment from Defendants.  Id.

24.    Mr. Shulby knew Mr. Cochrane had paid Anthony Grigoli all of his wages as Mr. Cochrane left a telephone message for Mr. Shulby and sent a letter to his office with that information. Id., ¶ 15.

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **5** of 11

25.    By leaving the telephone message for Mr. Shulby and sending a letter to his office, Mr. Shulby knew or should have known that Plaintiff's FLSA claim was frivolous. Declaration, ¶¶15-16. Defendants believed that since Mr. Shulby was put on notice of the settlement of Plaintiff's claims that there would be no way he would initiate legal action against Defendants.

26.    Mr. Shulby did not respond to Defendants' telephone message or letter or make any further contact with Defendants prior to filing the above-captioned lawsuit. Declaration, ¶ 17.

### III.    PLAINTIFF IS LIABLE FOR BRINGING SUIT IN BAD FAITH.

27.    Although the FLSA is silent on awarding attorney's fees to prevailing defendants, the Eleventh Circuit has followed the traditional "American Rule" and awarded fees to prevailing defendants in FLSA cases where it can be determined that the plaintiff "conducted the litigation in bad faith, vexatious, wantonly or for oppressive reasons." Murray v. Playmaker Services, LLC, 548 F.Supp.2d 1378, 1381 (S.D. Fla. 2008) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U. S. 598, 602 (2001). In determining bad faith the court should focus on the Plaintiff's conduct and motive at the outset. Id. (citing Rothenberg v. Security Management Co., Inc., 736 F. 2d 1470, 1472 (11th Cir. 1984)).

28.    The FLSA states that any employee who agrees to have the DOL oversee the payment of any unpaid compensation due to them and accepts such payment "shall upon payment in full constitute a waiver by such employee of any right he may have" to bring action against the employer for the previously unpaid wages or liquidated damages. 29 U.S.C. § 216. Defendant's payment of $1,225.62 in unpaid overtime wages was made

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **6** of **11**

to Plaintiff under the supervision and with the approval of the DOL.  As such, Plaintiff had no statutory standing to bring the action against Defendant. Id.

Even if Plaintiff was unaware that the provisions of the FLSA barred him from further action against Defendant for this claim, the release and waiver he agreed to as part of the payment of his back wages clearly puts him on notice that he has no further legal rights against Defendants as to the allegedly unpaid wages. *See*, Exhibit "C" (waiver and release of claims against Defendants). This is of course in addition to Plaintiff knowing that he had received a check from Defendants for unpaid wages. *See,* Exhibit B (check made out to Plaintiff).It is clear that Plaintiff's suit against Defendant was a bad faith attempt for a wind-fall and represents sanctionable conduct.

29.     Further, by Plaintiff representing that he was not paid overtime wages by Defendants (Complaint ¶¶ 15-16), Plaintiff has acted in bad faith and vexatious.

30.     Therefore, Defendants are entitled to recover reasonable attorney's fees and costs incurred in defending this action from Plaintiff.

## IV.    PLAINTIFF'S COUNSEL IS LIABLE FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1927

31.     In addition to an award of attorney's fees against the Plaintiff, the Defendant also seeks an award of attorney's fees against Plaintiff's counsel, Todd Shulby ("Shulby"), pursuant to 28 U.S.C. § 1927.  Although not all bad behavior by counsel is sanctionable under § 1927, the general rules governing motions under 28 U.S.C. §1927 are: 1) unreasonable and vexatious conduct; 2) the conduct must multiply the proceedings; 3) something more than a lack of merit is required; 4) the statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **7** of **11**

tantamount to bad faith"; and 5) bad faith is the "touchstone" because the statute is "not about mere negligence." Rodriguez v. Marble Care Int'l, Inc., 863 F. Supp. 2d 1168, 1177-78 (S.D. Fla. 2012) (*citing* Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003)).

32.    A determination of bad faith is warranted when an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. Id.

33.    Prior to the filing of this action, Defendants informed Mr. Shulby by telephone and in writing that Plaintiff's claims were previously subject to a Department of Labor investigation and were fully paid and released. Upon learning of this information, Mr. Shulby had reason to believe that Plaintiff's claims against Defendants were frivolous and had a duty to investigate the information provided to him by Defendants. If he had done so, Mr. Shulby would have learned that Plaintiff had in fact been paid for all wages determined by the Department of Labor to have been unpaid.

34.    As such, Attorney. Shulby should have then known that the facts alleged by Plaintiff were false and that a FLSA claim against Defendants would be frivolous.

35.    Even if Attorney Shulby was unaware of the status and history of Plaintiff's claim against Defendant, his failure to discover such information prior to filing suit is equally sanctionable. *See*, Dent v. Giamio, 665 F.Supp2d 1295 (S.D. Fla. 2009) (sanctioning an attorney who failed to investigate basic facts, such as the number of interstate phone calls her client made each day, which were necessary to prove her claim before filing); Ortiz v. D & W Foods, Inc., 657 F.supp.2d 1328, 1330-31 (S.D. Fla. 2009) (awarding fees against plaintiff's counsel in FLSA case where counsel failed to

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **8** of 11

investigate whether the defendant's business $500,000 revenue threshold before filing suit).

36.    Knowing of the payment to Plaintiff, Attorney Shulby should have known that such payment released all claims Plaintiff had against Defendants. 29 U.S.C. § 216(c). *See*, Rule 4-1.1, Fla. R. Prof'l Cond. ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.").

37.    Attorney Shulby's knowledge of the falsity of Plaintiff's assertions and failure to make any kind of investigation into whether Plaintiff's claim had already been settled prior to filing this action represents the reckless pursuit of a frivolous law suit and is tantamount to bad faith within the meaning of 28 U.S.C. § 1927.

38.    Therefore, Defendants are entitled to recover reasonable attorney's fees and costs incurred in defending this action from Plaintiff's counsel.

**WHEREFORE**, Defendants Scott Cochrane and Scott Cochrane, Inc. respectfully request this Honorable Court find that they are entitled to recover attorney's fees and costs spent on the defense of this action against Plaintiff Anthony Grigoli and his counsel, Attorney Todd Shulby of the Law Office of Todd W. Shulby, jointly and severally, permit Defendants to file evidence of same within thirty (30) days of the entry of an order granting this motion, and grant other relief as just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

Pursuant to Local Rule 3.01(g), on August 7, 2014, Attorney Timothy Goodwin from the undersigned's office placed a telephone call to Plaintiff's counsel, Attorney Todd Shulby, who was not available to take the call. Later on August 7, 2014, Attorney

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **9** of **11**

Goodwin sent a follow up email to Attorney Shulby to inquire as to his position on this Motion. Attorney Shulby's responsive email of August 9, 2014 indicated that Attorney Shulby opposes this Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 12, 2014, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized or do not receive electronically Notices of Electronic by U.S. Mail and Email at the addresses listed below.

**LAW OFFICE OF ROBERT D. ECKARD & ASSOCIATES, P.A.**

*s/ Robert Eckard*_____ _____
**ROBERT D ECKARD, B.C.S.**
**FBN: 0162655**
**LEAD TRIAL COUNSEL**
**JOELLE SCHULTZ, ESQUIRE**
**FBN: 0048204**
**TIMOTHY GOODWIN, ESQUIRE**
**FBN: 0098971**
**3110 Alternate U.S. 19 North**
**Palm Harbor, FL 34683**
**(727) 772-1941 Telephone**
**(727) 771-7940 Facsimile**
**Robert@RobertEckardLaw.com**

*Counsel for Defendants*

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **10** of **11**

## <u>SERVICE LIST</u>

*Grigoli v. Cochrane, et al.*
Case Number: 8:14-CV-00844-SDM-EAJ
United States District Court, Middle District of Florida
Tampa Division

Todd Shulby, P.A.
2800 Weston Road, Suite 101
Weston, FL 33331
Phone: (954) 530-2236
Fax: (954) 530-6628
E-Mail: TShulby@shulbylaw.com

*Counsel for Plaintiff*

*Grigoli v. Scott Cochrane, Inc., et al.*
Case No.: 8:14-CV-00844-SMD-EAJ
Motion for Attorney's Fees and Incorporated Memorandum of Law
Our Matter: 7391-1401
Page **11** of **11**