UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTHONY GRIGOLI,**

    **Plaintiff,**

v.                                                                      Case No.: 8:14-CV-844-T-23EAJ

**SCOTT COCHRANE, INC., et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION:

Before the Court is Defendant Scott Cochrane, Inc., et al.'s ("Defendants'") **Defendants' Motion for Reasonable Attorney's Fees Against Plaintiff and Incorporated Memorandum of Law**. (Dkt. 26)[1] Although Plaintiff Anthony Grigoli ("Plaintiff") did not file a response to the motion, an evidentiary hearing was held. For the reasons that follow, the Court recommends granting in part Defendants' Motion for Reasonable Attorney's Fees Against Plaintiff and Incorporated Memorandum of Law. (Dkt. 26).

**I.    Background**

In 2012, the Department of Labor determined Plaintiff was entitled to $1,225.62 for violation of the Fair Labor Standards Act of 1938 ("FLSA"). (Dkt. 26 Ex. 1 at 1) Defendants paid Plaintiff the full amount by check in October 2012. (Dkt. 26 Ex. 1 at 2) Yet, Plaintiff filed suit in April 2014 seeking unpaid overtime wages. The Complaint contained two counts, one for Plaintiff individually and one collective action count. In June 2014, Defendants filed a motion to dismiss. (Dkt. 10) In

---

[1] This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation. (Dkt. 27) See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

July 2014, Plaintiff filed a notice of voluntary dismissal. (Dkt. 11) The case was dismissed without prejudice according to Rule 41(a), Fed. R. Civ. P., and Plaintiff's notice of voluntary dismissal. (Dkt. 12)

On August 12, 2014, Defendants filed Defendants' Amended Motion for Reasonable Attorney's Fees Against Plaintiff and Plaintiff's Counsel and Incorporated Memorandum of Law (Dkt. 13), seeking attorneys' fees and costs. A hearing was set and continued. On February 9, 2015, the parties filed a joint motion to continue the scheduled hearing, stating that Defendants were withdrawing the motion as to Plaintiff's Attorney, Todd Shulby, Esq., and that the parties were in the process of drafting settlement documents to further their discussions and hopefully resolve the matter. (Dkt. 22) Based on the parties' representation that they were in the process of negotiating settlement, the Court denied without prejudice Defendants' Amended Motion for Reasonable Attorney's Fees (Dkts. 13, 24), allowing Defendants until March 10, 2015 to refile the motion in the event a full settlement was not reached.

On March 10, 2015, Defendants filed the instant Motion for Reasonable Attorney's Fees Against Plaintiff and Incorporated Memorandum of Law. (Dkt. 26) Defendants assert Plaintiff brought the lawsuit in bad faith and argue that the Eleventh Circuit permits an award of fees to prevailing defendants in FLSA cases where the plaintiff conducted the litigation in bad faith. Defendants also assert authority for fees as a sanction pursuant to the Court's inherent power to sanction.

An evidentiary hearing was set for May 13, 2015. (Dkt. 30) On April 24, 2015, Attorney Shulby filed a motion to withdraw (Dkt. 31), which was also set for hearing on May 13, 2015 (Dkt. 34). Although Plaintiff was advised by Attorney Shulby of his requirement to attend, Plaintiff did

not attend the May 13, 2015, hearing. The Court issued a show cause order requiring Plaintiff to appear in person at an evidentiary hearing scheduled for June 17, 2015, to show cause as to Plaintiff Anthony Grigoli "why he should not be sanctioned as requested in Defendants' Motion for Reasonable Attorney's Fees Against Plaintiff (Dkt. 26) and for his failure to appear at the evidentiary hearing on the motion on May 13, 2015." (Dkt. 37) The Court additionally granted Attorney Shulby's Motion to Withdraw, but directed Attorney Shulby to personally appear at the June 17, 2015 hearing. (Dkt. 38) Plaintiff, appearing pro se, and Attorney Shulby appeared as ordered. At the hearing, Defendants requested time to supplement the record with information regarding Plaintiff's ability to pay any sanctions ordered by the Court. The Court granted Defendants until June 25, 2015, to file the supplement requested. No supplement was filed.

## II. Evidence

At the hearing, Defendants presented both documentary evidence and testimony from Defendant Scott Cochrane ("Cochrane"). Plaintiff also testified on his own behalf.

Cochrane, owner of Defendant Scott Cochrane, Inc. ("Cochrane, Inc."), testified that Plaintiff's employment by Cochrane, Inc., began in May 2011 and ended in November 2011 when Plaintiff violated his probation and was sent to jail. After Plaintiff's employment ended, Plaintiff attempted to obtain unemployment benefits but was denied. Cochrane testified that Cochrane, Inc., was subsequently investigated by the United States Department of Labor in 2012. Although Plaintiff testified that he did not initiate the investigation, but merely joined in with another who did so, Cochrane testified that he learned from Plaintiff himself that Plaintiff initiated the investigation.

The Department of Labor determined that Cochrane, Inc., owed Plaintiff $1,225.62. Although Defendants objected to the finding made by the Department of Labor, Defendants

submitted evidence that Cochrane, Inc., nevertheless paid Plaintiff $1,225.62 in October 2012 and that Plaintiff cashed the check on October 31, 2012.

Plaintiff did not dispute depositing the check, but testified that he disagreed with the amount of the payment determined by the Department of Labor. Plaintiff stated that he thought the payment was only a partial payment and that he would be paid more in the future. He also testified that the Department of Labor did not tell him that the check he deposited was the only compensation he would receive. Plaintiff did not remember the details surrounding his eventual retainer of Attorney Shulby.

Cochrane did not hear from Plaintiff after the check was deposited. However, even though Cochrane paid to Plaintiff the amount determined by the Department of Labor, he received a certified letter, dated March 3, 2014, from Attorney Shulby regarding Plaintiff's overtime wage claims. After receiving the letter, Cochrane called the Department of Labor to obtain the details related to the previous investigation, including the case number and the date Plaintiff cashed the check. He then called Attorney Shulby's office and spoke to an assistant, who indicated she would inform Attorney Shulby. Cochrane also sent a letter to Attorney Shulby with the case number and the date the check was cashed. However, Plaintiff filed the instant lawsuit on April 10, 2014. (Dkt. 1) Plaintiff's verified Complaint (Dkt. 1) asserts, among other things, that Plaintiff worked overtime hours for which he was not paid by Defendants. Plaintiff's verification further states that the allegations within the complaint were true and correct to the best of Plaintiff's knowledge. (Dkt. 1 at 4)

Regarding Plaintiff's ability to pay, Plaintiff testified that, although he is looking for a job in Pasco County in the restaurant industry, he is currently unemployed and was last employed two

(2) years ago. Plaintiff has six (6) children. He has no car or investments and has no bank accounts. Plaintiff is currently living with family and has no bills except for his child support payments, which he testified he cannot afford and last paid two (2) years ago.

### III.   Discussion

#### A.   Entitlement to Attorney's Fees

The FLSA provides for an award of attorney's fees to prevailing plaintiffs, 29 U.S.C. § 216(b),[2] but is silent regarding fees to prevailing defendants. However, in the Eleventh Circuit, an award of attorney's fees is allowed to prevailing defendants where the plaintiff litigated in bad faith. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998) (citing Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542-43 (11th Cir. 1985)). See also Murray v. Playmaker Servs., LLC, 548 F. Supp. 2d 1378, 1381 (S.D. Fla. 2008), aff'd, 352 F. App'x 873 (11th Cir. 2009) (per curiam) (unpublished).

Here, Plaintiff litigated in bad faith by representing that he was not paid overtime wages when he had already accepted payment from Defendants.

In response to Defendants' initial motion for attorneys' fees (Dkt. 13) Plaintiff asserted that Defendants' motion failed to satisfy the procedural requirements of Rule 54, Fed. R. Civ. P., and Local Rule 4.18, M.D. Fla.

Where an award of attorneys' fees is permitted, Rule 54, Fed. R. Civ. P., provides:

> Unless a statute or court order provides otherwise, [a] motion [for attorney's fees] must: (i) be filed no later than 14 days after the entry

---

[2] The FLSA provides, "[t]he court . . . shall, in addition to any judgement awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

of judgment;³ (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award, [and] (iii) state the amount sought or provide a fair estimate of it[.]

Fed. R. Civ. P. 54(d)(2)(B). Local Rule 4.18(a) provides, "[i]n accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment."

Although Defendants may seek fees under Rule 54(d) as the Court's order dismissing the case is considered a final judgment for purposes of appeal, see McGregor v. Board of Comm'rs of Palm Beach Cnty, 956 F.2d 1017, 1020 (11th Cir. 1992), Defendants did not file their motion for attorney's fees until twenty-two days after the Court dismissed the case. As both Rule 54(d)(2)(B) and Local Rule 4.18(a) require a motion for attorney's fees to be filed within fourteen days of judgment, and no statute or court order provided otherwise, Defendants' motion is untimely and Defendant waived the right to recover fees under Rule 54. See, e.g., Grayden v. City of Orlando, 171 F. App'x 284, 286 (11th Cir. 2006) (per curiam) (unpublished) (affirming enforcement of Rule 4.18, M.D. Fla. and the district court's denial of fees as untimely);⁴ Porcelli v. Onebeacon Ins. Co., No.2:02-cv-303-FtM-33DNF, 2006 WL 3333599, at *2-3 (M.D. Fla. Nov. 16, 2006) (finding motion for attorney's fees untimely and no excusable neglect where the motion for fees was filed 27 days after the entry of judgment due to attorney's calendaring error).

---

³ Rule 54 applies in this circumstance, as "'[j]udgment' . . . includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 52(a). The court's order dismissing the case is considered a final judgment for purposes of appeal. See McGregor v. Board of Comm'rs of Palm Beach Cnty, 956 F.2d 1017, 1020 (11th Cir. 1992).

⁴ Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

Defendants assert that their motion for attorney's fees is exempt from the fourteen (14) day deadline as a result of Rule 54(d)(2)(E), which exempts from the fourteen (14) day deadline claims for fees and expenses sought as sanctions for violating the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(2)(E). While a party's frivolous or bad faith filing of a complaint may be sanctionable under Rule 11, Fed. R Civ. P., Defendants have not shown that they have satisfied the safe harbor provision of Rule 11.[5]

Although attorney's fees are not proper under the FLSA and Rule 54, the Court, in its discretion, may award fees pursuant to its inherent power to sanction. Although the issue of the Court's inherent authority was not brought up in Defendants' original motion (Dkt. 13), the parties were on notice about the possibility of sanctions pursuant to the Court's inherent authority as of the time the Court initially set the motion for evidentiary hearing. (Dkt. 18)[6] A notice rescheduling the evidentiary hearing reiterated that the parties should be prepared to address the procedural and substantive issues raised and whether the Court may invoke its inherent power to sanction based on the conduct of Plaintiff or Plaintiff's attorney. (Dkt. 21) Further, Defendants' instant motion for

---

[5] Rule 11 provides, among other things, that a party's signature on a pleading represents that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1),(3). The Court may impose sanctions for violation of Rule 11(b), but a party's motion for such sanctions must first be served on the other party and the party must be given twenty-one (21) days to withdraw the challenged pleading. Id. at 11(c)(1),(2). No showing of such service has been asserted or demonstrated here.

[6] The Order stated, "[a]n evidentiary hearing is set on the procedural and substantive issues raised by the motion, response, and reply; the parties shall also address whether the Court may invoke its inherent power to sanction based on the conduct of Plaintiff or Plaintiff's attorney in this case." (Dkt. 18 at 1)

7

attorney's fees specifically addresses the issue of the Court's inherent authority to sanction in the motion and Defendants seek an award of fees pursuant to the Court's inherent authority in this case. (Dkt. 26 at 8-10)

"A primary aspect of [the Court's discretion] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). The Court's inherent power, which requires a finding of bad faith, Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010) (citation omitted), may be invoked "even if procedural rules exist which sanction the same conduct." Chambers, 501 U.S. at 49. And the Court may utilize its inherent powers to sanction at any time. See Peer v. Lewis, 571 F. App'x 840, 844 (11th Cir. 2014) (per curiam) (unpublished) (finding district court's use of its inherent powers to sanction a party with "Rule 11-type sanctions" justified, even where the moving party's motion for Rule 11 sanctions was denied as untimely).

Plaintiff acted in bad faith by filing a complaint seeking unpaid overtime wages when he had already received the compensation due to him for his FLSA claim. His testimony that he thought he had not received full payment or could receive additional payments is not credible. Additionally, his demeanor and testimony indicated that he held a grudge against Defendants. Given the circumstances presented and the understanding that a court's inherent power "ought to be exercised with great caution" as well as "with restraint and discretion," Chambers, 501 U.S. at 43, 44 (citation and internal quotation marks omitted), this is an exceptional case in which sanctions against Plaintiff should be imposed pursuant to the Court's inherent power.[7] Therefore, an award to

---

[7] On the other hand, there is no credible evidence that Plaintiff's attorney acted in bad faith in filing the complaint although there was testimony that Cochrane sent a letter and contacted the attorney's assistant about the Department of Labor settlement.

Defendants of their reasonable attorney's fees and costs is warranted under the Court's inherent power, subject to any mitigating factors such as Plaintiff's financial condition, not only to compensate Defendants for a lawsuit that never should have been filed, but also to deter Plaintiff from filing similar frivolous lawsuits in the future.

### B.    Amount

Defendants request $17,516.00 in fees (attorney's fees in the amount of $15,310.00 for work performed by one (1) managing partner and two (2) associate attorneys, Law Clerk fees in the amount of $1,450.00, and paralegal fees in the amount of $396.00), pursuant to 29 U.S.C. § 216(b).

Attorneys' fees are calculated, in the Eleventh Circuit, according to a "lodestar" formula which requires multiplication of "the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The court must also determine whether an adjustment to the lodestar is necessary based on the results obtained. ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). The fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). Further, the court itself is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

> i.      Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman v. Housing Auth.of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988)  The party seeking attorneys' fees bears the burden of demonstrating entitlement to fees, which generally requires more than an affidavit from an attorney who performed the work.  <u>Norman</u>, 836 F. 2d at 1299.

Attorney Robert Eckard ("Attorney Eckard") testified to his qualifications and experience, as well as to that of the other attorneys, law clerk, and paralegal who performed work for Defendants in this case.  The time records admitted without objection at the evidentiary hearing show the following hourly rates: Attorney Robert Eckard, $350.00 per hour; Attorney Joelle Schultz, $300.00 per hour; Attorney Timothy Goodwin, $200.00 per hour; Law Clerk Nicholas Costantino, $100.00 per hour; and Paralegal Meagan Russak, $60.00 per hour.

Attorney Eckard testified that he is a managing partner at the Law Office of Robert D. Eckard & Associates, P.A.  Attorney Eckard received his law degree in 1998 from Stetson University, where he graduated with honors, and has an LL.M. in International Law and Business. Attorney Eckard has participated in over forty (40) jury trials and is board certified in business litigation.  The Declaration of Attorney Robert Eckard (Dkt. 41 Ex. 1) further details that Attorney Eckard is admitted to practice in the United States District Court for the Middle District of Florida, the United States Bankruptcy Court for the Middle District of Florida, the United States Supreme Court, and the United States Court of International Trade.  He is also admitted <u>pro hac vice</u> in multiple jurisdictions.  Attorney Eckard's rate as billed, $350.00 per hour, is reasonable in light of his experience and qualifications.

As to the experience and qualifications of Attorney Joelle Schultz ("Attorney Schultz"), Attorney Eckard testified that Attorney Schultz has been practicing law for approximately seven (7) years and has been employed by the Law Office of Robert D. Eckard & Associates, P.A., for between four (4) and five (5) years. She is licensed to practice law in Florida and Michigan and is admitted to practice in the United States District Courts for the Northern, Middle, and Southern Districts of Florida, the United States Bankruptcy Court for the Middle District of Florida, the Eleventh Circuit Court of Appeals, and the United States Tax Court. Attorney Schultz has experience in multi-district complex litigation and is currently preparing to qualify for board certification. Therefore, Attorney Schultz' rate of $300.00 per hour is reasonable.

Regarding Attorney Timothy Goodwin ("Attorney Goodwin"), Attorney Eckard testified that Attorney Goodwin is a 2011 or 2012 graduate of the University of Connecticut. He has been employed by the Law Office of Robert D. Eckard & Associates, P.A., for approximately two (2) years. At the time of his performance of work related to the instant case, Attorney Goodwin had been an attorney for approximately one (1) to one and one half (1.5) years. Given Attorney Goodwin's limited experience at the time he performed work for Defendants, the rate of $200.00 per hour is not reasonable and the Court reduces his rate to $150.00 per hour.

Attorney Eckard also testified that Law Clerk Nicholas Costantino ("Law Clerk Costantino") was between a second and third year law student at Stetson College of Law at the time he performed work on the instant case. As a law clerk with no bar admission and limited legal experience, the Court finds Law Clerk Costantino's rate of $100.00 per hour reasonable.

Finally, Attorney Eckard explained that although Paralegal Meagan Russak ("Paralegal Russak") is not yet certified, she is in her fourth year of a paralegal studies program. The Court

11

finds the rate of $60.00 per hour for Paralegal Russak's services reasonable.

###### ii. Hours Reasonably Expended

Unnecessary, redundant, or excessive hours should be excluded from the reasonable number of hours expended. Norman, 836 F.2d at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting appropriate hours." Id. at 1303. As such, the applicant is expected to exercise "billing judgment" and should not expect compensation for hours "spent on activities for which [they] would not bill a client of means who was seriously intent on vindicating similar rights." Id. at 1301. Additionally, "[a] well-prepared fee petition . . . include[s] a summary, grouping the time entries by the nature of the activity or stage of the case." Id. at 1303.

In this case, a reduction in fees is warranted for block billing, which refers to the practice of including multiple tasks in a single time entry. Kearney v. Auto-Owners Ins. Co., 713 F. Supp. 2d 1369,1377-78 (M.D. Fla. 2010); see also Bujanowski v. Kocontes, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009). Either an hour-by-hour analysis of the requested hours or an across-the-board reduction can be used if necessary to reduce the number of hours to those deemed reasonable. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351-52 (11th Cir. 2008) (per curiam).

Rather than including a separate time entry for each task, many entries in Defendants' billing records contain block billing. For example, on July 15, 2014, Attorney Eckard billed 1.1 hours for reading an email from opposing counsel, researching issue of attorney's fees, calling the client, and emailing opposing counsel. As another example, on February 4, 2015, Attorney Schultz billed 4.1 hours for a conference call with Attorney Shulby, a conference call with Attorney Eckard, reviewing

identified case law, drafting direct examination questions, and reviewing Defendants' amended declaration.

Because block billing precludes an accurate review of the individual time entries, a reduction of the total amount billed is appropriate.

### iii.   Clerical/Secretarial Work

For "work that is clerical or secretarial in nature," attorneys' fees are not recoverable. Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)  Therefore, work done by paralegals is "recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'" Id. (quoting Jean v. Nelson, 863 F. 2d 759, 778 (11th Cir. 1988)).

Much of the work performed by Paralegal Russak involves clerical activities, such as formatting notices and motions, updating the pleading binder, scheduling conferences, and preparing exhibits and hearing binders.  Accordingly, a reduction of total amount billed is also warranted for clerical work billed by Paralegal Russak.

### iv.   Modified Attorneys' Fees

Therefore, under the Eleventh Circuit's lodestar calculation, the Court recommends a thirty (30) percent reduction due to block billing and clerical entries, as described above.

Defendants sought an award of $17,516.00 in attorneys' fees as follows: $4,410.00 for 12.6 hours of work performed by Attorney Eckard at an hourly rate of $350.00, $6,720.00 for 22.4 hours of work performed by Attorney Schultz at an hourly rate of $300.00, $4,540.00 for 22.7 hours of work performed by Attorney Goodwin at an hourly rate of $200.00, $1,450.00 for work performed by Law Clerk Costantino at an hourly rate of $100.00, and $396.00 for 6.6 hours of work performed by Paralegal Russak at an hourly rate of $60.00.

Reducing Attorney Goodwin's rate to $150.00 per hour (22.7 hours of work at an hourly rate of $150.00 equals $3,405.00), the adjusted total becomes $16,381.00. Reducing this number by thirty (30) percent brings the total award of attorney's fees to $11,466.70.

### C.   Plaintiff's Ability to Pay

Notwithstanding the above determinations regarding reasonable hourly rates and reasonable hours expended, the Court is also required to consider Plaintiff's financial circumstances and ability to pay. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002) (per curiam). As the Eleventh Circuit explained,

> [s]anction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned. . . . And, sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay.

Id.

Here, Plaintiff testified that he is currently unemployed and has been unemployed for the last two years, that he has no bank accounts or investments, that he has six (6) children for whom he is financially unable to pay child support, and that he has not paid child support in approximately two (2) years. Given these circumstances, the Court recommends that an additional reduction of twenty (20) percent of the adjusted total is appropriate due to Plaintiff's financial condition, bringing the total reductions to fifty (50) percent, and the total fee award to $8,190.50 (the adjusted total of $16,381.00 divided by two equals $8,190.50).

### IV.   Costs

Defendants motion for attorney's fees also seeks an award of the costs incurred by Defendants associated with this case. In his declaration, Attorney Eckard states that the total amount

of costs sought is $193.25. (Dkt. 41 Ex. 1 at 4)  At the hearing, Attorney Eckard confirmed that Defendants seek approximately $193.00 in costs, although the total amount of costs incurred was higher than that amount.

In FLSA cases, costs are limited to those allowed under 28 U.S.C. § 1920. <u>Glenn v. Gen. Motors Corp.</u>, 841 F.2d 1567, 1575 (11th Cir. 1988).  As neither Attorney Eckard's declaration nor his testimony describe the nature of the costs incurred, the Court recommends that Defendants' request for costs in the amount of $193.25 be denied.

**V.     Conclusion**

Accordingly, and upon consideration, it is **ORDERED** that:

(1) as Plaintiff attended the June 17, 2015, hearing, the order to show cause why Plaintiff failed to attend the May 2015 hearing is discharged.

It is hereby **RECOMMENDED** that:

(1) Defendants' Motion for Reasonable Attorney's Fees Against Plaintiff and Incorporated Memorandum of Law (Dkt. 26) be **GRANTED in part** as set forth above;

(2) The Clerk of the Court be directed to tax attorneys' fees against Plaintiff in the amount of **$8,190.50.**

**DATE:   July 1, 2015**

/s/ Elizabeth S. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
Pro Se Plaintiff
District Judge