UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY GRIGOLI,

    Plaintiff,

v.                                                    CASE NO. 8:14-cv-844-T-23EAJ

SCOTT COCHRANE INC., et al.,

    Defendants.
_____/

## **ORDER**

A March 13, 2015 order (Doc. 27) refers the defendants' motion (Doc. 26) "for reasonable attorney's fees" to the magistrate judge. A July 1, 2015 report (Doc. 43) recommends that, although the defendants failed to timely request an attorney's fee,[*] "the Court . . . award fees pursuant to its inherent power to sanction." (Doc. 43 at 7) *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."); *Peer v. Lewis*, 571 Fed. Appx. 840, 844 (11th Cir. 2014) (per curiam) (allowing a district court to impose "Rule 11-type sanctions" based on the court's "inherent power"). The report finds that the plaintiff "litigated in bad faith by representing that he was not paid overtime wages when he had already accepted payment from

---

[*] Rule 54(d)(2)(B)(i), Federal Rules of Civil Procedure, states that a motion for an attorney's fee "must . . . be filed no later than 14 days after the entry of judgment."

Defendants." (Doc. 43 at 5)  *See Chambers*, 501 U.S. at 49 ("[An] invocation of the inherent power would require a finding of bad faith.").  More than seventeen days has passed, and the plaintiff fails to object to the report.  The report and recommendation (Doc. 43) is **ADOPTED**.  For the reasons stated in the report, the defendants' motion (Doc. 26) "for reasonable attorney's fees" is **GRANTED**.  The clerk is directed to enter judgment for the defendants and against the plaintiff for $8,190.50 in an attorney's fee.

      ORDERED in Tampa, Florida, on July 27, 2015.

> STEVEN D. MERRYDAY
> UNITED STATES DISTRICT JUDGE